**BLANK ROME LLP**
A Pennsylvania LLP
STEPHEN M. ORLOFSKY (Pa. ID 31633)
NICHOLAS C. HARBIST (Pa. ID 35210)
DAVID C. KISTLER (*Pro Hac Vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

-and-

**CARL D. POPLAR, P.A.**
CARL D. POPLAR (*Pro Hac Vice*)
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
(856) 216-9979

Attorneys for Plaintiff/Relator Yoash Gohil

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. YOASH GOHIL, <br><br> Plaintiff/Relator, <br><br> vs. <br><br> SANOFI-AVENTIS U.S. INC.; AVENTIS, INC., AVENTIS PHARMACEUTICALS, INC., and JOHN DOES #1-50, FICTITIOUS NAMES, <br><br> Defendants. | No. 02-cv-2964 (LFS) |

### PLAINTIFF/RELATOR YOASH GOHIL'S SUPPLEMENTAL MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

We represent Plaintiff/Relator Yoash Gohil in the above matter and respectfully submit this supplemental memordandum to address an issue that was raised by the Defendants during the motion to dismiss oral argument on February 19, 2014.

During oral argument, Defendants asserted for the first time that this Court lacks subject matter jurisdiction because Gohil did not satisfy his pre-filing disclosure obligations under 31 U.S.C. 3730(e)(4).[1] Defendants were clear that this new argument related to Gohil's original source status under 31 U.S.C. 3730(e)(4); not the "material evidence" requirement set forth in 31 U.S.C. 3730(b)(2):

> So let me circle back to the argument that we did not raise in our brief, and, again, we recognized it as we were preparing for this oral argument. ***Part of that original source***, statute, the False Claims Act, ***requires that the relator disclose his information to the government before he files his qui tam complaint***.

Transcript of February 19, 2014 Oral Argument at 28:1-7, attached hereto as Ex. A (emphasis added).[2] As Defendants make a factual attack on subject matter jurisdiction, we submit the attached Declarations of Yoash Gohil (attached hereto as Ex. B) and Carl D. Poplar, Esq. (attached hereto as Ex. C) for the Court's review. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176-77 (3d Cir. 2000) (observing that the court may review evidence outside of the pleadings in response to a factual attack on subject matter jurisdiction).

Based on these Declarations and the law cited below, Defendants' argument is without merit.

---

[1] Gohil does not concede there was a qualifying public disclosure of the allegations or transactions in the Second Amended *Qui Tam* Complaint to invoke the original source rule. *See* Motion to Dismiss Opposition Brief at 14-19.

[2] The Court then gave Gohil permission to address this new argument in a supplemental submission. *See* Ex. A at 78:1-16.

1

**I. Gohil Met With The Government And Voluntarily Provided The Information Upon Which The *Qui Tam* Complaint Was Based Prior To Filing The Complaint In Conformance With 31 U.S.C. 3730(e)(4)**

In order to qualify as an original source, in addition to possessing direct and independent knowledge of the information on which his or her allegations are based, a relator must also have "voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B). In enacting Section 3730(e)(4)(B), Congress sought to prevent relators who were under a duty to report fraud, or who had been subpoenaed or indicted (i.e., involuntary whistleblowers), from filing parasitic *qui tam* actions and sharing in any government recovery. *Paranich v. Sorgnard*, 396 F.3d 326, 340-41 (3d Cir. 2005).

The disclosure of information provides government officials with notice of potential fraud and time to assess a relator's information, including whether it was provided voluntarily. Consistent with the plain language of the statute, Section 3730(e)(4)(B) only mandates disclosure of a relator's underlying "information" upon which allegations are based, not the entirety of the allegations themselves. Moreover, the FCA does not specify any particular form of disclosure. *See Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1050 (8th Cir. 2002) (relator satisfied the pre-filing disclosure obligation by simply furnishing a copy of a related antitrust complaint it had previously filed to the local Medicare contractor, a government agent). Even a *qui tam* complaint's conclusory allegation of compliance with pre-filing disclosure requirements has been held to be sufficient to survive a motion to dismiss. *See United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 551 F. Supp. 2d 100, 109-10 (D. Mass. 2008), *aff'd in part, rev'd in part, and remanded,* 579 F.3d 13 (1st Cir. 2009).

Here, as detailed in the attached Declarations of Yoash Gohil and Carl D. Poplar, Esq., Gohil voluntarily provided the information upon which his allegations are based to government officials as early as May 9, 2002, eight days before this action was filed on May 17, 2002. On May 9, 2002, Mr. Gohil and his counsel spent over two hours with the Chief of the Civil Division, James Sheehan, and discussed the various aspects of Defendants' fraudulent marketing scheme involving the drugs Taxotere and Anzemet, including:

- Kickbacks offered to health care providers by Aventis including, but not limited to, unrestricted grants, study grants, preceptorships, honorariums, entertainment, trips, samples, volume discounts and rebates.

- Off label promotion outside the approved drug uses, dosages and indications, including a nationwide sales and marketing strategy set forth in sales training materials, sales promotional materials and practice presentations.

- Submission of incomplete, preliminary, unpublished and unauthorized materials to physicians and health care providers.

*See* Ex. B at ¶¶ 9 - 13; Ex. C at ¶5.[3]

---

[3] Indeed, Gohil's extensive pre-filing disclosure stands in stark contrast to the few reported cases in which relators did not disclose information voluntarily or failed to allege or demonstrate disclosures of even minimal (or any) information. *See e.g.*, *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 782 F. Supp. 2d 248, 270-71 (E.D. La. 2011) (the relator had not provided the government with *any* information related to certain defendants prior to filing the original complaint); *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280-81 (10th Cir. 2001) (the relator intentionally withheld his identity and the identity of the potential defendants, which the court viewed as non-compliance with Section 3730(e)(4)(B)); *United States ex rel. Ackley v. IBM Corp.*, 76 F. Supp. 2d 654, 673 (D. Md. 1999) (the relator provided the court with a conclusory affidavit of compliance that merely referred to "a draft complaint and disclosure statement," without any specific details, which was found inadequate to demonstrate compliance).

## II. The Defendants' Reliance Upon The Disclosure Provision In 31 U.S.C. 3730(b)(2) Is Misplaced

During oral argument, Defendants relied upon Gohil's Supplemental Response to Interrogatory No. 2 (attached to Defendants' Motion to Dismiss as Ex. 4) in support of its argument. Interrogatory No. 2, however, did not ask about Gohil's pre-filing disclosure actions under 31 U.S.C. 3730(e)(4); rather, it sought information about the statutory "disclosure statement(s)…served upon the government in accordance with 31 U.S.C. 3730(b)(2)…"

As a threshold matter, any attempt by Defendants to somehow blur together the disclosure requirements of Sections 3730(e)(4) and 3730 (b)(2) must be rejected. Indeed, the law on this point is clear: the "material evidence" required to be given to the government under Section 3730(b)(2) is not the same as the "voluntarily provided information" in Section 3730(e)(4). *See United States ex rel. Reagan v. East Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 175 (5th Cir. 2004) (distinguishing the disclosure required under Section 3730(b)(2) from that required under the jurisdictional public disclosure bar in Section 3730(e)(4)); *Ackley*, 76 F. Supp. 2d at 666, fn.17 (same).

Moreover, the adequacy of disclosures of material evidence pursuant to Section 3730(b)(2) is not an issue defendants can rely upon in moving to dismiss a *qui tam* complaint. *See United States ex rel. Maxfield v. Wasatch Constructors*, 2005 U.S. Dist. LEXIS 10162, *14-16 (D. Utah May 27, 2005) (holding that the pre-filing disclosure requirements of Section 3730(b)(2) inure to the benefit of the Government; not the defendant); *United States ex rel. Bagley v. TRW Inc.*, 212 F.R.D. 554, 558 (C.D. Cal. 2003) (same); *United States ex rel. Stinson, Lyons Gerlin & Bustamante v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F. Supp. 1040, 1054 (S.D. Ga. 1990) ("Moreover, because [Section 3730(b)(2)] plainly inures to the benefit of the Government, the Court does not see how [defendant] has standing to make this argument.").

And, even if Defendants did have standing to raise a disclosure argument under Section 3730(b)(2), all that Section 3730(b)(2) requires is that the relator serve the Government with a "written disclosure of substantially all material evidence and information the person possesses" at or about the time that the *qui tam* complaint is filed. Here, as set forth in Gohil's Response to Supplemental Interrogatory No. 2, the Complaint was filed on May 17, 2002 and Gohil timely served the Government with his first written disclosure 12 days later on May 29, 2002. *See United States ex rel. Kalish v. Desnick*, 765 F.Supp. 1352, 1356 (N.D. Ill. 1991) (holding that where the government did not receive 'written disclosure of substantially all material evidence and information' possessed by the relator for more than a month after the filing of the complaint, the 60 day period, during which 31 U.S.C. § 3730(b)(2) gives the government the right to intervene in the case, did not begin to run until the government received the disclosure statement); *United States ex rel. Shinn v. Tennessee*, 74 F.Supp. 635, 638 (E.D. Tenn. 1947) ("certainly the qui tam plaintiff should not be allowed a longer time for compliance than the 60-day period given the United States in which to intervene"); *Minotti v. Wheaton*, 630 F.Supp. 280, 283 (D. Conn. 1986) (holding that although two years is too long to fulfill the notice requirement of 31 U.S.C. § 3730(b)(2), in the instant case, where the requisite service was well within a year of filing the original complaint, "notice cannot be said to be untimely and the motion to dismiss for failure of timely notice is denied").

For these reasons, we respectfully request that Defendants' newly minted subject matter jurisdiction argument be rejected and that Defendants' motion to dismiss be denied in its entirety for the reasons set forth in Gohil's Opposition Brief.

126237.00601/50569229v.1

Respectfully submitted,

*s/ Stephen M. Orlofsky*
**BLANK ROME LLP**
A Pennsylvania LLP
STEPHEN M. ORLOFSKY (Pa. ID 31633)
NICHOLAS C. HARBIST (Pa. ID 35210)
DAVID C. KISTLER (*Pro Hac Vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

-and-

**CARL D. POPLAR, P.A.**
CARL D. POPLAR (*Pro Hac Vice*)
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
(856) 216-9979

Attorneys for Plaintiff/Relator
Yoash Gohil

126237.00601/50569229v.1