# Exhibit C

Case 2:02-cv-02964-AB    Document 108-3    Filed 02/28/14    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex. rel. YOASH GOHIL,<br><br>Plaintiff/Relator,<br><br>vs.<br><br>SANOFI-AVENTIS U.S. INC.; AVENTIS, INC., AVENTIS PHARMACEUTICALS, INC., and JOHN DOES #1-50, FICTITIOUS NAMES,<br><br>Defendants. | No. 02-cv-2964 (LFS) |

## DECLARATION OF CARL D. POPLAR

1. I am counsel of record to Plaintiff/Relator, Yoash Gohil, in this matter and have personal knowledge of the facts set forth below.

2. In or about March 2002, I was retained by Mr. Gohil in connection with his claims against Aventis. At that time, me and my associate, Cheryl Cooper, Esq., met with Mr. Gohil and reviewed the materials he provided to us.

3. On May 6, 2002, I spoke with the Chief of the Civil Division for the Eastern District of Pennsylvania, James Sheehan, about our *qui tam* case.

4. On May 9, 2002, Mr. Gohil, Ms. Cooper and I met with Mr. Sheehan, in Philadelphia, Pennsylvania for approximately two hours and Mr. Gohil voluntarily disclosed the information on which he made the allegations in his *Qui Tam* Complaint dated May 17, 2002.

5. During the course of that meeting, Mr. Gohil voluntarily provided Mr. Sheehan with information on various topics involved in Defendants' nationwide fraudulent marketing scheme relating to the cancer drugs, Taxotere and Anzemet, including the following:

   a. Kickbacks offered to health care providers by Aventis including, but not limited to, unrestricted grants, study grants, preceptorships, honorariums, entertainment, trips, samples, volume discounts and rebates.

   b. Off label promotion outside the approved drug uses, dosages and indications, including a nationwide sales and marketing strategy set forth in sales training materials, sales promotional materials and practice presentations.

   c. Submission of incomplete, preliminary, unpublished and unauthorized materials to physicians and health care providers.

6. The original *Qui Tam* Complaint was filed on May 17, 2002, eight days after we met with Mr. Sheehan and voluntarily disclosed the information discussed above.

7. On May 29, 2002, I filed a written disclosure with the Government, which included a courtesy copy of the Complaint, Initial Disclosure materials bates stamped as GOH00001-02350 and an Initial Disclosure Log identifying the documents bates stamped as GOH00001-02350.

8. After the First Amended Complaint was filed on July 23, 2002, I filed a second detailed written disclosure with the Government less than one week later, on July 29, 2002. Several other detailed written disclosures were subsequently filed with the Government in August and September of 2002, including the production of documents bates stamped as GOH-02351-11408, transcriptions of audio CDs, as well as Disclosure Logs identifying each of the documents being produced.

9. During the Winter and Spring of 2003, additional disclosures were made to the Government, which included additional transcripts of audio CDs, a receipt from a dinner program attended by eight physicians in the Washington D.C./Baltimore area, and

identifying information of other individuals and organizations who could corroborate Mr. Gohil's allegations. (A true copy of my letter dated May 24, 2004 to Cathy Thomer summarizing these prior disclosures to the Government is attached here as Ex. A).

10. *None* of the information identified in paragraphs 7 – 9 above and provided to the Government was obtained from Aventis during discovery in Gohil's New Jersey Superior Court civil lawsuit against Aventis.

11. Moreover, prior to filing the Second Amended Complaint on February 9, 2007, my co-counsel, Nicholas Harbist, Esq., provided a draft of the Second Amended Complaint and a detailed disclosure statement to the Government on January 16, 2007.

I declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

_____
CARL D. POPLAR

Dated: February 27, 2014

# Exhibit A

# CARL D. POPLAR, P.A.
A PROFESSIONAL CORPORATION

*Attorneys at Law*

CARL D. POPLAR
  CERTIFIED CIVIL TRIAL ATTORNEY
  CERTIFIED CRIMINAL TRIAL ATTORNEY
DAVID E. POPLAR*
*MEMBER NJ & PA BAR

1010 KINGS HIGHWAY SOUTH
BUILDING TWO
CHERRY HILL, NEW JERSEY 08034

(856) 216-9979
FAX (856) 216-9970

www.poplarlaw.com

May 24, 2004

Cathy Thomer, A.U.S.A.
U.S. Department of Justice
U.S. Attorneys Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

RE:   [Filed Under Seal] v. [Filed Under Seal]
      Civil Action No. 02-cv-2964

RE:   United States of America <u>ex rel.</u> Yoash Gohil v. Aventis Pharmaceuticals, Inc., et al
      Civil Action No. 02-cv-2964

Dear Ms. Thomer:

We have previously made various disclosure and submissions to your office as follows:

| Disclosure No. | Date of Transmittal Letter | Details |
|---|---|---|
| 1 | 5/29/02 | Complaint; GOH 00001 - GOH 02350 |
| 2 | 7/29/02 | GOH 02351 - GOH 04671 |
| 3 | 8/16/02 | GOH 04672 - GOH 011408 |
| 4 | 9/5/02 | Anzemet Push Program. |
| 5 | 9/5/02 | Email List of Individuals |
| 6 | 9/24/02 | Transcripts of CDs 1 and 2 |
| ** | 9/12/02 | Transcripts of CDs 7A & 7B |
| 7 | 11/25/02 | CD ROMs (2) and Transcript of 10/24/02 meeting with Frank Amspatcher |
| 8 | 2/13/02 | Transcripts of CDs 4, 5A, 5B, 6A and 6B and Notes on various witnesses |
| 9 | 3/13/03 | GOH 11409 - GOH 11410 ((receipt of 12/9/02 dinner program |

| Disclosure. No. | Date of Transmittal Letter | Details |
|---|---|---|
| 10 | 4/25/03 | GOH 11411- GOH 11414 ((Notes from interview of Dr. Dabrow) |
| - | 5/9/03 | CD of Interview of Dr. Dabrow |
| 11 | 5/9/03; 5/12/03 | List of organizations and individuals with useful information regarding Gohil's allegations |
| 12 | 5/9/03 | GOH 11415 - GOH 11629; CD ROMs and tapes |
| 13 | 10/31/03 | GOH 11630 - GOH 11660 |
| 14 | 1/7/04 | GOH 11661 - GOH 11675 |

A Protective Order was entered into on October 31, 2003, a copy of which is enclosed. Accordingly, I am not sending documents we have received in the course of our litigation with Aventis Pharmaceuticals. However, I am submitting various lists that are not the subject of the Protective Order. Enclosed are:

1. Gohil's discovery submissions to Aventis Pharmaceuticals (Exhibit A) [1]
2. Documents received from Aventis (Exhibit B)

Additionally, I have received a CD ROM from Dominick Baffone, Aventis Regional Sales Manager, of seminar materials and PowerPoint presentation materials of over 400 pages that he has personally retained, confirming nationwide off-label marketing and sales. These documents includes, but are not limited to:

1. Emails;
2. Studies;
3. PowerPoint slides; and
4. Marketing, sales and produce development strategy positions

I have also received the requests by various sales representatives the Aventis Medical Affairs Department (D23487 to D24125) of off-label studies for transmittal to physicians.

Very truly yours,

CARL D. POPLAR, P.A.
A Professional Corporation

CARL D. POPLAR

CDP/ovic
Encl.

---

[1] The documents YG00101 to YG 14223 (included within the documents submitted to Aventis by us) have not yet been indexed.