# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. YOASH GOHIL | :<br>:<br>: | |
| Plaintiff/Gohil, | : | NO. 02-CV-2964 |
| v. | :<br>:<br>: | |
| SANOFI-AVENTIS U.S. INC., AVENTIS INC.,<br>AVENTIS PHARMACEUTICALS INC.,<br>and JOHN DOES #1-50, FICTITIOUS<br>NAMES, | :<br>:<br>:<br>: | |
| Defendants. | : | |

## **RESPONSE OF DEFENDANTS SANOFI-AVENTIS U.S. INC., AVENTIS, INC., AND AVENTIS PHARMACEUTICALS INC. TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants sanofi-aventis U.S. Inc., Aventis, Inc., and Aventis Pharmaceuticals, Inc. (collectively "Aventis") respectfully submit this Response to the Supplemental Memorandum in Further Opposition to Defendants' Motion to Dismiss filed by Plaintiff Yoash Gohil ("Plaintiff").

As more fully set forth in Aventis's Motion to Dismiss and Reply in support thereof (Doc. Nos. 91 and 97), the supposed eight-year, nationwide Taxotere "fraudulent marketing scheme" Plaintiff alleges for the first time in his Second Amended *Qui Tam* Complaint (Doc. No. 45) clearly is based on public disclosures, rather than any direct and independent knowledge Plaintiff may have acquired during his two and a half year period of employment with Aventis. Plaintiff and his counsel used extensive document and deposition discovery they obtained from Aventis during the course of Plaintiff's New Jersey CEPA case, as well as publicly-available DDMAC letters, a Wall Street Journal Article, and even a brochure Plaintiff took from the

waiting room of a doctor's office to craft the vastly-expanded theory of fraud. *See U.S. ex rel. Atkinson v. PA Shipbuilding Co.*, 473 F.3d 506, 523 (3d Cir. 2007) ("courts must be mindful of suits based only on secondhand information, speculations, background information and collateral research."); *see also U.S. ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 551 F. Supp. 2d 100, 104 (D. Mass. 2008) ("statutes such as the FCA which confer jurisdiction on federal courts are to be strictly construed, with doubts resolved against federal jurisdiction.").

Where, as here, *qui tam* allegations are based upon (i.e., substantially similar to) public disclosures, subject matter jurisdiction in the federal courts does not lie unless the relator can establish that he/she is the original source of the *qui tam* allegations. *See* 31 U.S.C. § 3730(e)(4)(A); *see also U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 238 (3d Cir. 2013) (the public disclosure bar covers actions even partly based upon publicly-disclosed allegations); *U.S. ex rel. Feldstein v. Organon, Inc.*, 364 F. App'x 738, 742 (3d Cir. 2010) (so long as the publicly-disclosed allegations are "substantially similar" to the relator's *qui tam* claims, the latter are "based upon" the former).

As the Third Circuit recently explained in *U.S. ex rel. Zizic*:

> The term "'original source' means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action . . . which is based on the information." § 3730(e)(4)(B). The word "information" in turn refers to the facts on which the relator's allegations are based, not the facts on which the publicly disclosed allegations or transactions of fraud are based.

728 F.3d at 239 (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 470–72 (2007)). A relator possesses "direct" knowledge of the alleged fraud on the government only if he obtains it without any "intervening agency, instrumentality, or influence." *Id.* In other words, "direct" knowledge for purposes of determining whether a relator is an "original source" must be based on "first-hand" information gained by the relator's own efforts. *Id.* (citations omitted).

As Aventis argues in its Motion to Dismiss, Plaintiff has no direct and independent knowledge of the supposed nationwide "fraudulent marketing scheme" from 1996-2004; any such knowledge he might possess is necessarily limited to his two and a half year employment at Aventis from January 2000 to June 2002. For this reason alone, Plaintiff cannot claim to be the "original source" of his Second Amended *Qui Tam* Complaint.

In response, Plaintiff argues that he compiled some 12,000 pages of relevant documents and recordings while he was employed at Aventis. (Pl.'s Response to Mot. to Dismiss (Doc. No. 94-1 at p. 15).) It was these boxes of Aventis documents, according to Plaintiff, which served as the basis for his *qui tam* claims—and not the public disclosures he obtained from Aventis in the CEPA case discovery, or the DDMAC letters, or the Wall Street Journal, or the waiting room brochure. (*Id.* at pp. 26-33.) Even if the Court were to take Plaintiff at his word—which it is in no way required to do[1]—that would only beg the question of why Plaintiff did not provide any of the supposed core documentary evidence supporting his allegations to the government before he filed his original *qui tam* complaint on May 17, 2002.[2] Plaintiff's admitted failure to do so,

---

[1] Plaintiff acknowledges this is a factual attack on subject matter jurisdiction. (Pl's Supp. Mem., (Doc. No. 108 at p. 1).) Plaintiff therefore bears the burden of persuasion to establish jurisdiction and his jurisdictional allegations are not entitled to any presumption of truthfulness. *U.S. ex rel. Zizic*, 728 F.3d at 234.

[2] Plaintiff stonewalled Aventis in its legitimate attempts to obtain this information—requiring full litigation (and re-litigation) of a motion to compel, then taking a meritless appeal to the Third Circuit before finally being compelled to disclose that he did not provide a single document to the government before filing his *qui tam* complaint on May 17, 2002. (*See, e.g.* Def.s' Mot. to Compel Discovery (Doc. No. 45); Def.s' Renewed Mot. to Compel Discovery Responses (Doc. No. 59); Order Granting Def.s' Renewed Mot. to Compel (Doc. Nos. 71-72); and Pl.'s Notice of Appeal to the Third Circuit Court of Appeals (Doc. No. 73).) Plaintiff's strenuous, drawn-out efforts to obstruct discovery of these basic facts bearing on jurisdiction, Aventis respectfully submits, speak much louder than Plaintiff's supplemental submission and long-after-the-fact declarations.

Aventis respectfully submits, renders him incapable of establishing himself as the original source of his *qui tam* allegations pursuant to 31 U.S.C. § 3730(e)(4)(B).

Plaintiff has provided the Court with self-serving declarations from himself and his counsel (Mr. Poplar) in an effort to establish compliance with his pre-filing disclosure requirements under Section 3730(e)(4)(B). (Doc. Nos. 108-2 and 3.) The declarations, however, only briefly describe in very general terms a few subjects that Plaintiff and his counsel allegedly discussed during their only pre-filing meeting with the government on May 9, 2002. In addition, neither the declarations, nor Plaintiff's Supplemental Brief even attempts to explain why Plaintiff did not provide any of the reams of Aventis documents upon which his claims are supposedly based to the government before filing his original *qui tam* complaint.

At best, Plaintiff's declarations establish that a meeting with the government occurred on May 9, 2002. Beyond that, they provide only the vague, general recollections of a single conversation that took place nearly twelve years ago. These are not reliable indicia of what information or allegations Plaintiff discussed with the government on that date, to say nothing of the fact that Plaintiff and his counsel share a highly-vested interest in establishing Plaintiff's compliance with his pre-filing requirements under Section 3730(e)(4)(B).[3]

On this point, *U.S. ex rel. Ackley v. International Business Machines Corp.*, 76 F. Supp. 2d 654 (D. Md. 1999), is instructive. There the court determined that self-serving affidavits

---

[3] Plaintiff was deposed in 2008, during the course of court-ordered discovery in this case. Upon granting Aventis's renewed motion to compel original source discovery, Chief Judge Petrese Tucker had opportunity to review Plaintiff's deposition testimony concerning the events of 2002, and concluded that Plaintiff "offered vague and conflicting responses to essential questions" concerning when and how he obtained the information upon which his *qui tam* allegations are based. (*See* Order dated October 1, 2008 (Doc. No. 71).) Plaintiff's recollection of his May 9, 2002 meeting with the government is not credible evidence to support a finding that Plaintiff complied with his pre-filing disclosure requirement under Section 3730(e)(4)(B).

submitted on behalf of the relator were not sufficient to establish that the required pre-filing disclosures had been made. In response to a motion to dismiss for lack of subject matter jurisdiction, the relator (Ackley) submitted an affidavit from his former counsel which stated that a draft complaint and disclosure statement were mailed to a government attorney and that former counsel had multiple conversations with the government attorney. *Id.* at 670. Because Ackley was unable to timely produce the documents that were allegedly given to the government as part of the pre-filing disclosure, counsel's affidavit was the only evidence of record to establish that the disclosure occurred (as well as the contents of the disclosure). *Id.* at 672-73. The court found that the affidavit did "not pass muster" as it did not provide defendants or the court with reliable indicia as to the "nature and extent of the pre-filing disclosures." *Id. See also U.S. ex rel. Jones v. Collegiate Funding Services, Inc.*, Civil Action No. 07-cv-290, 2011 WL 129842, at *12 n.19 (E.D. Va. Jan. 12, 2011) (conclusory affidavits submitted by relators stating they "explained all of the information and experiences which underlie their actions" failed to establish compliance with pre-filing disclosure requirement under the FCA).[4]

Plaintiff's declaration and the declaration of his counsel here are no different. If anything, the relator in *U.S. ex rel. Ackley* made a more fulsome disclosure to the government based on his counsel's affidavit; there the government was allegedly provided with the relator's complaint and a written disclosure statement. Here, Plaintiff failed to provide the government

---

[4] Although compliance with the pre-filing disclosure requirement under Section 3730(e)(4)(B) is determined on a case-by-case basis, reliable indicia of fulsome, meaningful, disclosure of the information upon which relators' *qui tam* claims are based reasonably in advance of filing is the touchstone. For example (and in stark contrast to the instant case), in *U.S. ex rel. Howard v. Urban Investment Trust Inc.*, No. 03 C 7668, 2009 WL 2252252 (N.D. Ill. July 29, 2009), the relator participated in multiple meetings with the government over the course of more than a year, during which she provided government representatives with documents on which her claims were based before filing her *qui tam* complaint. *Id.* at *4. Based on those facts, the court found the pre-filing disclosure requirement satisfied.

with any of the thousands of pages of Aventis documents on which he alleges he based his *qui tam* claims. As in *Ackley*, Plaintiff's declarations do not reliably provide Aventis or the Court with the "nature and extent of [his] pre-filing disclosures."

The undersigned recently asked counsel for Plaintiff to voluntarily produce any contemporaneous documentation in their possession, custody, or control relating to the May 9, 2002 meeting. In response, counsel for Plaintiff disclosed the existence of contemporaneous time records reflecting the meeting and a related memorandum to the file that Mr. Poplar at some point prepared.

Although Aventis volunteered to enter into an appropriate non-waiver agreement to protect any privilege that might apply to these documents, by an e-mail response yesterday afternoon (March 12, 2014), counsel for Plaintiff flatly refused to produce the contemporaneous records on the lone supposed grounds that "[t]he time for jurisdictional discovery has long since expired in this case." Aventis respectfully submits these contemporaneous documents (time entries and a memorandum to the file), which could contradict or corroborate Plaintiff's recollection of the May 9, 2002 meeting and/or that of his counsel, should be made available to the Court and all parties so the question of subject matter jurisdiction can be fairly determined on a full record. Ultimately, Plaintiff has deprived the Court and Aventis of the ability to reliably determine either the breadth or the scope of the information he allegedly provided to the government on May 9, 2002. As a result, Aventis respectfully submits that Plaintiff cannot establish himself as the original source of his qui tam allegations under 31 U.S.C. § 3730(e)(4)(B) and the Court lacks subject matter jurisdiction over this matter.

Respectfully submitted,

Dated: March 13, 2014                         /s/ Richard L. Scheff_____
Richard L. Scheff (Pa. I.D. #35213)
Michael B. Hayes (Pa. I.D. #84985)
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7502

Robert J. McCully
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64105
(816) 559-2191

*Counsel for Defendants sanofi-aventis U.S. Inc., Aventis, Inc. and Aventis Pharmaceuticals, Inc.*

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| ex rel. YOASH GOHIL | : | |
| | : | |
| Plaintiff/Gohil, | : | NO. 02-CV-2964 |
| | : | |
| v. | : | |
| | : | |
| SANOFI-AVENTIS U.S. INC., AVENTIS INC., | : | |
| AVENTIS PHARMACEUTICALS INC., | : | |
| and JOHN DOES #1-50, FICTITIOUS | : | |
| NAMES, | : | |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I, Richard L. Scheff, declare under penalty of perjury that on this 13th day of March 2014, I caused a copy of the foregoing Response to Plaintiff's Supplemental Memorandum to be served *via* the Court's ECF system and by First Class U.S. Mail, postage prepaid, upon the following individuals:

Paul Shapiro
Susan Dein Bricklin
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
paul.shapiro@usdoj.gov
susan.bricklin@usdoj.gov

Stephen M. Orlofsky
Nicholas Harbist
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103-6998
orlofsky@blankrome.com
harbist@blankrome.com


Carl D. Poplar
Carl D. Poplar, P.A.
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
cpoplar@poplarlaw.com


  /s/ Richard L. Scheff
Richard Scheff