BLANK ROME LLP
A Pennsylvania LLP
STEPHEN M. ORLOFSKY (Pa. ID 31633)
NICHOLAS C. HARBIST (Pa. ID 35210)
DAVID C. KISTLER (*Pro Hac Vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

CARL D. POPLAR, P.A.
CARL D. POPLAR (*Pro Hac Vice*)
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
(856) 216-9979

*Attorneys for Plaintiff/Relator, Yoash Gohil*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. YOASH GOHIL, <br><br> Plaintiff/Relator, <br><br> vs. <br><br> SANOFI-AVENTIS U.S. INC.; AVENTIS, INC., AVENTIS PHARMACEUTICALS, INC., and JOHN DOES #1-50, FICTITIOUS NAMES, <br><br> Defendants. | No. 02-cv-2964 |

**PLAINTIFF/RELATOR'S MOTION FOR LEAVE TO FILE A SECOND
SUPPLEMENTAL MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

On February 19, 2014, the Court convened a hearing in this matter, at which time the

Court heard the parties' respective arguments on Defendants' Motion to Dismiss. During the

hearing, Defendants argued for the first time that Plaintiff failed to voluntarily disclose the

126237.00601/50575069v.1

information upon which his allegations are based to the government under § 3730(e)(4)(B). Pursuant to the Court's instructions, Plaintiff/Relator and Defendants filed supplemental briefs on this issue on February 28, 2014 and March 13, 2014, respectively.

Plaintiff/Relator hereby requests leave of the Court to file a second supplemental memorandum to briefly address the additional arguments raised in Defendants' March 13, 2014 Response Brief. A copy of the second supplemental memorandum is attached hereto.

Dated: March 17, 2014

s/ Stephen M. Orlofsky
BLANK ROME LLP
A Pennsylvania LLP
STEPHEN M. ORLOFSKY (Pa. ID 31633)
NICHOLAS C. HARBIST (Pa. ID 35210)
DAVID C. KISTLER (*Pro Hac Vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

CARL D. POPLAR, P.A.
Carl D. Poplar (*Pro Hac Vice*)
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
(856) 216-9979

*Attorneys for Plaintiff/Relator, Yoash Gohil*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system; it has been sent to the following persons via the Court's electronic filing system on this 17th day of March, 2014:

      Susan Bricklin, Esq.
      Assistant United States Attorney
      United States Attorney's Office
      Eastern District of Pennsylvania
      615 Chestnut Street, Suite 1250
      Philadelphia, PA  19105
      susan.bricklin@usdoj.gov

      Richard L. Scheff, Esq.
      Michael Hayes, Esq.
      Montgomery, McCracken, Walker & Rhoads, LLP
      123 South Broad Street
      Philadelphia, PA  19109
      rscheff@mmwr.com
      mhayes@mmwr.com

      Robert J. McCully, Esq.
      Shook, Hardy & Bacon, LLP
      2555 Grand Boulevard
      Kansas City, MO 64105
      rmccully@shb.com

      Carl D. Poplar, Esq.
      Carl D. Poplar, P.A.
      1010 Kings Highway South, Building 2
      Cherry Hill, NJ  08034
      cpoplar@poplarlaw.com


Dated:  March 17, 2014                s/ Stephen M. Orlofsky
                                            STEPHEN M. ORLOFSKY

126237.00601/50575069v.1

BLANK ROME LLP
A Pennsylvania LLP
STEPHEN M. ORLOFSKY (Pa. ID 31633)
NICHOLAS C. HARBIST (Pa. ID 35210)
DAVID C. KISTLER (*Pro Hac Vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

CARL D. POPLAR, P.A.
CARL D. POPLAR (*Pro Hac Vice*)
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
(856) 216-9979

*Attorneys for Plaintiff/Relator, Yoash Gohil*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. YOASH GOHIL, <br><br> Plaintiff/Relator, <br><br> vs. <br><br> SANOFI-AVENTIS U.S. INC.; AVENTIS, INC., AVENTIS PHARMACEUTICALS, INC., and JOHN DOES #1-50, FICTITIOUS NAMES, <br><br> Defendants. | No. 02-cv-2964 |

**PLAINTIFF/RELATOR'S SECOND SUPPLEMENTAL MEMORANDUM IN
FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND
AMENDED *QUI TAM* COMPLAINT**

In their response to Relator's supplemental memorandum, Defendants ("Aventis") trot out their well worn argument that the Second Amended Complaint ("SAC") is "based on public disclosures" because, as Aventis claims, Relator used documents and deposition discovery

obtained from Aventis during his New Jersey employment case as well as publicly available DDMAC letters, a Wall Street Journal ("WSJ") article and a brochure from a doctor's office as evidence in support of the allegations in the SAC. (Aventis's Supp. Mem. at 1-2). Yet despite the production of over 12,000 pages of jurisdictional discovery, answers to 14 interrogatories and a full day deposition of Relator, Aventis has produced no evidence to rebut the key assertions supporting Gohil's original source status, that is:[1]

1. The essential claims asserted in the SAC mirror the allegations in the First Amended Complaint ("FAC"), which was filed before Gohil filed the CEPA case in state court in New Jersey and obtained any discovery from Aventis (*see* Relator's Motion to Dismiss Opp. Br. ("Opp. Br.") at 21 and Ex. H), thus, establishing that Relator's fraud allegations were not derived from the public disclosures;

2. The new pieces of evidence which were alleged in the SAC simply reinforce and support the legal claims already pled in the FAC, and do not implicate new claims or theories of liability, but offered further evidentiary support of the claims already pled in the FAC (Opp. Br. at 22-23);

3. The WSJ article published before the FAC did not disclose the off label promotion or kickback allegations or any other illegal conduct relating to the marketing of Taxotere (Opp. Br. at 21);

4. Gohil was informed of the substance of the DDMAC letters by his supervisors during his employment (Opp. Br. at 6);

5. Gohil's training on Aventis's fraudulent marketing scheme and instruction on how it conducted its fraudulent scheme in the past, as well as his participation in continuing the scheme qualifies as direct and independent knowledge of the scheme for the timeframe prior to his employment (Opp. Br. at 25-26);

6. Gohil's information about the continuation of the scheme post-employment flows from matters of which he had direct knowledge while employed and he personally witnessed continuation of the scheme during his subsequent employment. (Opp. Br. at 26-27, citing *U.S. ex. rel. Stinson, Lyons, Gerlin & Bustamonte, PA v. Prudential*, 944 F. 2d 1149, 1160 (3d Cir. 1991)(noting that a relator can have direct and independent knowledge -- thus qualifying as an original source -- for acts that occur after the relator leaves his employment with the fraudulent organization as "long as the allegations flow from matters over which he had direct knowledge while employed.")

---

[1] Gohil further maintains that there was no public disclosure of the essential elements of the claims. (Opp. Br. at 12-19).

Aventis's argument ignores the fundamental tenet of *qui tam* law that in order to be an original source, a Relator only need possess some substantive information about the fraud, he need not possess knowledge of all essential elements of the fraudulent conduct. (Opp. Br. at 25 n.28). Despite bountiful jurisdictional discovery, as well as two depositions of Relator (one in the CEPA action and one in this action), Aventis can point to no new claim that was asserted in the SAC that was not first asserted in the FAC.

As for Aventis's eleventh hour claim that Relator failed to voluntarily disclose the information upon which his allegations were based to the government under § 3730(e)(4)(B), Aventis never sought discovery on this issue even after Gohil testified about the meeting with the U.S. Attorney at his deposition. (Ex. A to Relator's Supp. Br. at 79:14-84:14). This issue was raised for the first time three years after the close of jurisdictional discovery on February 19, 2014 at oral argument, and even then Aventis relied upon the wrong subsection in § 3730 in Relator's answers to interrogatories as support for its claim. (*See* Relator's Supp. Br. at 1, citing to § 3730(b)(2)).

In response to Relator's two sworn declarations establishing his pre-filing disclosure to the U.S. Attorney's Office, Aventis now claims that Plaintiff failed to provide the core documentary evidence supporting his allegations in this pre-filing disclosure and that Relator's declarations are somehow "self-serving" and not "reliable." (Aventis's Supp. Mem. at 3-4). These arguments are both meritless and disingenuous.

First, there is no authority requiring a Relator to submit every piece of documentary evidence in his possession in connection with his pre-filing disclosure under § 3730(e)(4)(b). As set forth in Relator's original submission (and cavalierly ignored in Defendants' response), the courts do not require any specific form of pre-filing disclosure, and have even found that the

3

disclosure is satisfied by merely furnishing a copy of a related antitrust complaint previously filed with a government agent. *Minn. Ass'n of Nurse Anesthetists v. Allina Health Systems Corp.*, 276 F.3d 1032, 1050 (8th Cir. 2002). Defendants cite no authority that requires the submission of all documentary evidence supporting Relator's allegations to the government before the filing of a *qui tam* Complaint, because there is none.[2]

As for Defendants' attack on the veracity of the Declarations, Aventis submits no evidence contradicting these Declarations despite being provided extensive discovery. Moreover, Aventis's reliance on *U.S. ex rel. Ackley v. International Business Machines Corp.*, 76 F. Supp. 2d 654 (D. Md. 1999) is misplaced because there, the relator's conclusory affidavit of compliance "gave no idea at all of what information might have been disclosed… prior to filing suit." *Id*. at 673. Here, both the Relator and his counsel were in attendance at the pre-filing disclosure meeting on May 9, 2002 and submitted declarations explaining in detail the nature and extent of the allegations discussed with the U.S. Attorney. *Ackley* stands in stark contrast to the detailed declarations submitted here outlining the efforts undertaken to inform the government of the nature and extent of the false claims allegations.[3] *United States ex rel. Baker v. Community Health Systems*, 709 F. Supp. 2d 1084, 1104-05 (D.N.M. 2010)(pre-filing disclosure requirement satisfied by declaration of Relator's attorney disclosing the essential elements or information on which the *qui tam* allegations are based before the filing of the complaint).

Lastly, Aventis's accusatory contention that Relator now refuses to produce contemporaneous records of the pre-filing disclosure meeting because, as Relator explained, "the

---

[2] The jurisdictional discovery shows that Gohil began transmitting the 12,000 plus pages of documents to the Government on May 29, 2002, less than two weeks after the original *qui tam* Complaint was filed. In fact, by the time Aventis responded to Gohil's written discovery requests in the CEPA Action in July 2013 (the discovery upon which Gohil purportedly based his *qui tam* case according to Aventis), Gohil had already provided the Government with 12 voluminous disclosures, which including over 11,000 pages of documents, CD's, tapes and other material.

[3] Aventis's suggestion of impropriety by an esteemed member of the bar should be dismissed out of hand.

4

time for jurisdictional discovery has long since expired" is meritless. Aventis had ample opportunity to engage in jurisdictional discovery relating to the pre-filing disclosure meeting. Aventis was on notice of this meeting because it was explicitly discussed in Gohil's deposition during jurisdictional discovery and Defendants failed to request any documents or further investigate this issue. (Ex. A to Relator's Supp. Br. at 79:14-84:14). Aventis's belated request for these records in light of its failure to pursue this issue during discovery should not be countenanced by the Court. Without any explanation for the delay, Aventis raised this issue for the first time at oral argument on February 19, 2014. Indeed, rather than explaining the reasons for the delay in raising this issue, Aventis chastises Relator for refusing "to produce the contemporaneous records on the lone supposed grounds that '[t]ime for jurisdictional discovery has long since expired in this case.'" (Aventis's Supp. Mem. at 6). Not only has the time for jurisdictional discovery long since expired in this case, the records which Aventis now asks to be produced were never requested during jurisdictional discovery in the first place. If the Court deems it appropriate, Relator will produce these records to the Court for *in camera* review.

In sum, the jurisdictional discovery supports Gohil's status as an original source under the law as he learned of the fraud as an insider, directly through his employment with Aventis, *Stinson*, 944 F.2d at 1160-61 (original source need not know "all relevant information" and acquires direct knowledge when he personally participates in some aspect of the fraudulent scheme)(citing *Houck ex rel. United States v. Folding Carton Admin. Comm.*, 881 F.2d 494, 505 (7th Cir. 1989)), and Aventis has failed to provide any evidence attacking the veracity of Gohil's original source status.

126237.00601/50574224v.1

Respectfully submitted,

*s/ Stephen M. Orlofsky*
**BLANK ROME LLP**
A Pennsylvania LLP
STEPHEN M. ORLOFSKY (Pa. ID 31633)
NICHOLAS C. HARBIST (Pa. ID 35210)
DAVID C. KISTLER (*Pro Hac Vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

-and-

**CARL D. POPLAR, P.A.**
Carl D. Poplar (*Pro Hac Vice*)
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
(856) 216-9979

*Attorneys for Plaintiff/Relator
Yoash Gohil*