IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. YOASH GOHIL<br><br>                Plaintiff/Gohil,<br>    v.<br><br>SANOFI-AVENTIS U.S., INC., AVENTIS, INC.,<br>AVENTIS PHARMACEUTICALS INC.,<br>and JOHN DOES #1-50, FICTITIOUS<br>NAMES,<br>                Defendants. | : : : : : : : : : : : : : : | NO. 02-CV-2964 (LFS) |

**NOTICE OF NEW AUTHORITY**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. YOASH GOHIL<br><br>                  Plaintiff/Gohil,<br>      v.<br><br>SANOFI-AVENTIS U.S., INC., AVENTIS, INC.,<br>AVENTIS PHARMACEUTICALS INC.,<br>and JOHN DOES #1-50, FICTITIOUS<br>NAMES,<br>                  Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO. 02-CV-2964 (LFS) |

Defendants sanofi-aventis U.S., Inc., Aventis, Inc., and Aventis Pharmaceuticals Inc. (collectively, "Aventis") hereby file this Notice of New Authority to bring to the Court's attention a recent decision from the United States Court of Appeals for the Third Circuit in *United States ex rel. Schumann v. AstraZeneca Pharm. L.P., et al.,* No. 13-1489, 2014 WL 5315251 (3d Cir. October 20, 2014) (a copy of which is attached hereto as Exhibit A).

In *Schumann*, the Third Circuit affirmed dismissal with prejudice of the putative relator's False Claims Act suit based on lack of subject matter jurisdiction. Specifically, the Court found the relator failed to meet his burden to establish that he was an original source of his FCA claims against the defendants. *Id.* at 15.

There, as here, the putative relator filed successive amended complaints over the course of several years based on publicly disclosed information. *Id.* at 9-10 and fn. 5. There, as here, the putative relator submitted a lengthy supplemental declaration regarding his supposed direct and independent knowledge of the alleged fraud in a last-ditch effort to establish original source

status and thereby avoid dismissal. *Id.* at 13-14. There, as here, the putative relator had no direct and independent knowledge of the core elements of his FCA claims. *Id.* at 20-23.

In *Schumann* the Court clarified that for purposes of the original source inquiry, direct knowledge of supposed fraud cannot be based on information "gained by reviewing files and discussing the documents therein with individuals who actually participated in the memorialized events." *Id.* at 20 and 22. In addition, the Court reiterated that independent knowledge of supposed fraud cannot be gained through the application of expertise to publicly disclosed information. *Id.* at 20-21 (citing *United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 240 (3d Cir. 2013)). Finally, the Court cautioned that "experience-based belief that misconduct was occurring" does not constitute direct and independent knowledge of fraud and is therefore "plainly insufficient to qualify [a putative relator] as an original source under the FCA." *Id.* at 22.

The Court's findings in *Schumann* apply with equal force to Plaintiff's Second Amended *Qui Tam* Complaint, which alleges a supposed eight-year, nationwide Taxotere "fraudulent marketing scheme" based on public disclosures and assumptions, rather than any direct and independent knowledge Plaintiff may have acquired in his two and a half year period of employ with Aventis. *Schumann* removes any confusion that Plaintiffs' reliance on self-serving assumptions and review of documents and deposition testimony obtained from Aventis in discovery in his underlying CEPA case, from publicly-available DDMAC letters, from a Wall Street Journal Article, and even from a brochure Plaintiff picked up from a doctor's waiting room <u>cannot</u> substitute for the direct and independent knowledge required to establish original source status. At a bare minimum, *Schumann* supports dismissal with prejudice of Plaintiff's FCA claims pre-dating (1996-99) and post-dating (2002-04) his employ with Aventis.

Respectfully submitted,

Dated:  October 24, 2014     /s/ Richard L. Scheff
Richard L. Scheff (Pa. ID # 35213)
Michael Hayes (Pa. ID. 84985)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-7502

Robert J. McCully
Shook, Hardy & Bacon, LLP
Kansas City, MO  64105
(816) 559-2191

*Counsel for Defendants sanofi-aventis U.S., Inc., Aventis, Inc. and Aventis Pharmaceuticals Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of New Authority was filed electronically and is available for viewing and downloading from the ECF system; it has been sent to the following persons via the Court's ECF on this 24th day of October, 2014:

Susan Bricklin
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Susan.bricklin@usdoj.gov


Stephen M. Orlofsky
Nicholas Harbist
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
orlofsky@blankrome.com
harbist@blankrome.com

Carl D. Poplar
Carl D. Poplar, P.A.
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
cpoplar@poplarlaw.com


                       s/ Richard L. Scheff
                       Richard L. Scheff