**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES ex rel. YOASH GOHIL, | : : | |
| Plaintiff/Relator. | : : | CIVIL ACTION No. 02-2964 |
| v. | : : | |
| SANOFI U.S. SERVICES INC. et al., | : | |
| Defendants. | : | |

**April 16, 2020**                                                                                          **Anita B. Brody, J.**

**MEMORANDUM**

On February 14, 2020—the day before discovery in this 18-year-old *qui tam* case was set to close—Aventis filed a motion to compel a large swath of documents and depositions from several governmental agencies and employees (past and present). ECF No. 369. On March 3, 2020, the Court denied the motion, stating that an explanation would separately follow. ECF No. 372. On March 17, 2020, before the Court issued its explanation, Aventis filed a motion for reconsideration. ECF No. 379. The Court now provides its original explanation and denies Aventis's motion for reconsideration without prejudice.

**I.     Background**

    **A.** *History of Discovery-Related Extensions In This Case*

This case is 18 years old.[1] It began in 2002. After 13 years, the case finally passed the motion-to-dismiss stage and reached discovery.[2] Since then, the parties have had a lengthy discovery period, and the Court has liberally granted their requests for deadline extensions:

---

[1] I am the fourth district court judge to preside over the case. It was before Judge Petrese B. Tucker until September 16, 2013, when it was transferred to Judge J. William Ditter, Jr. On November 27, 2013, the case was transferred to Judge Lawrence F. Stengel. On September 14, 2018, it was transferred to me.

[2] The parties had preliminary discovery focused on subject-matter jurisdiction from at least 2007. *See* ECF No. 35.

- On October 14, 2015, Judge Stengel provided that all written discovery would be completed by **July 11, 2016**. ECF No. 160.

- On July 13, 2016, Judge Stengel extended the written discovery deadline to **November 15, 2016**. ECF No. 202.

- On October 26, 2016, Judge Stengel extended the written discovery deadline to **March 13, 2017**. ECF No. 216.

- On March 2, 2017, Judge Stengel extended the written discovery deadline to **May 12, 2017**. ECF No. 223.

- On May 21, 2018, Judge Stengel ordered that all fact discovery must be completed by **September 28, 2018**. ECF No. 244.

- On October 10, 2018, I extended the fact discovery deadline to **January 31, 2019**. ECF No. 267.[3]

- On November 21, 2018, I extended fact discovery to **March 15, 2019**, and stated that trial would "begin by September 2019." ECF No. 279.

- On March 14, 2019, I vacated the prior scheduling order to accommodate voluminous discovery-dispute proceedings in front of a Special Master. ECF No. 284.

- On January 16, 2020—the day after the parties concluded the Special Master proceedings—in a phone conference on the record, I set a fact discovery deadline of **February 15, 2020**. ECF No. 355; *see also* ECF No. 356.

In total, the discovery period in this case has stretched to four years and four months, and the Court has extended discovery deadlines at least seven times.

### B. *Aventis's Current Discovery Request*

Aventis waited until the day before discovery was set to close—February 14, 2020—to file the motion to compel at issue here. ECF No. 369. Aventis sought information from the government related to the "materiality" element of an FCA claim. It offered no legitimate explanation for its failure to make a more timely request. Aventis had ample time to do so.

---

[3] Aventis opposed this extension. *See* ECF No. 261. It argued that "the case has been delayed countless times" and that "further extension of the deadlines . . . is a waste of this Court's valuable resources and time." *Id.* It also complained that by September 25, 2018, the parties had received "ample time to complete discovery." *Id.* at 2..

On June 16, 2016—while discovery in this case was ongoing—the Supreme Court decided *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016). *Escobar* clearly established that "materiality" was a critical element of FCA claims like those brought by Relator. 136 S. Ct. at 2002-04. The materiality inquiry focuses on whether a false claim's "falsity" was of the type that could normally influence the government's decision to pay the claim. *Id.* Aventis was almost certainly aware of *Escobar* when it was issued. Months prior, on February 16, 2016, Aventis moved to stay this case until *Escobar* was decided, contending that the decision "may substantially affect Gohil's case, or even be dispositive . . . ." ECF No. 176-1, at 4 (capitalizations altered).

Despite its recognition in 2016 that *Escobar*'s principles may be important to Relator's claims, Aventis waited until March 8, 2019 to seek any materiality-related information from the government—one week before the then-operative discovery deadline.[4] On that date, Aventis sent a last-minute subpoena to the Centers for Medicare and Medicaid ("CMS"). ECF No. 369-1, at 4. The subpoena broadly requested that CMS produce all documents it possessed—dating from 1996-2004—that related to reimbursement claims, coverage, and appeals involving Aventis's drug, Taxotere.[5] ECF No. 369-2, Ex. A. On March 12, 2019, CMS sent a letter objecting to Aventis's request and offering to work with Aventis to establish a more reasonable discovery plan. ECF No. 369-3, Ex. B. Aventis never responded.

Instead, Aventis waited another ten months to take any further action. On January 29,

---

[4] As of March 8, 2019, discovery was set to end on March 15, 2019. ECF No. 279.

[5] Aventis has offered no explanation as to why it waited until the eleventh hour to make this broad request. Two years prior, on January 23, 2017, Aventis signed a joint motion for a protective order stating that "[a]ll parties are seeking data from CMS concerning Medicare claims for reimbursement of Taxotere." ECF No. 221. As Aventis concedes in its motion to compel (ECF No. 369-1 at 5 n.1), Relator promptly requested reimbursement information from CMS in 2017, and received responses by April and May of 2017. Aventis never explains why it failed to do the same and instead chose to wait over two years to request information from CMS on March 8, 2019, seven days before discovery was then set to close.

2020—two weeks before the final fact-discovery deadline of February 15, 2020—Aventis sent a flurry of subpoenas to several government agencies. The subpoenas demanded depositions of nine current and former government employees in the following two weeks, between February 3, 2020 and February 14, 2020. Aventis directed the deponents to bring "[a]ny and all documents related to [their] personal knowledge and/or investigation of the above-captioned case." *See, e.g.*, ECF No. 369-6, Ex. E, at 2.[6] Aventis also sent document requests to three government agencies: the Office of the Inspector General for the Department of Health and Human Services; the U.S. Attorney's Office for the Eastern District of Pennsylvania; and the Department of Justice. ECF No. 369-13, Ex. L; ECF No. 369-14, Ex. M. These requests demanded that the agencies produce all documents related to their investigations (and decisions not to intervene) in this case. Aventis gave the agencies only two weeks—until February 13, 2020—to respond.[7] Days later, each agency sent letters objecting to these requests.

On February 14, 2020, the day before discovery was set to conclude, Aventis filed a motion to compel responses to its January 29, 2020 discovery requests. ECF No. 369. Aventis's motion gave no explanation for its failure to make these discovery requests at an earlier, more reasonable date. The only apparent reason—buried among the motion's 27 exhibits—appears in Aventis's correspondence with the government agencies. In those letters, Aventis stated that it was seeking information related to materiality, and that it first became aware that materiality might be important during a January 22, 2020 oral argument in front of this Court. For instance,

---

[6] In light of the short notice that Aventis gave to the deponents, this request imposed an unreasonable burden. To take one example, Aventis sent a subpoena on January 29, 2020—a Wednesday—to Jamie Ann Yavelberg, a DOJ lawyer, noticing a deposition for 8:30am on Monday, February 3, 2020. ECF No. 369-9, Ex. E. Aventis later claimed that Ms. Yavelberg was involved in this case as early as 2006-07. ECF No. 369-23, Ex. V, at 5-6. It was facially unreasonable to give Ms. Yavelberg only five days to locate—and screen for privilege—"any and all" documents related to her involvement in an investigation that occurred, in part, more than a decade ago.

[7] Federal Rule of Civil Procedure 34(b)(2)(A) provides 30 days to respond to document requests. Fed. R. Civ. P. 34(b)(2)(A). Aventis's February 13, 2020 deadline gave the agencies only two weeks to respond.

in a February 3, 2020 letter responding to the Department of Justice's objection that the timing of Aventis's discovery request was unreasonable, Aventis wrote: "[b]y way of further background, at the January 21, 2020 oral argument before the Honorable Judge Brody, Aventis first became aware that materiality may be a case-determinative and/or critical issue for the Court. Aventis then promptly served this subpoena eight days later." ECF No. 369-23, Ex. V, at 5 n.3.

Aventis knew that materiality "may be case-determinative and/or critical" well before the January 20, 2020 oral argument. On June 16, 2016, the Supreme Court's *Escobar* decision established that materiality is a critical part of an FCA claim. Aventis was almost surely aware of *Escobar* when it was issued—months prior, it asked to stay proceedings while *Escobar* was pending. *See* ECF No. 176-1, at 4. On July 26, 2019, Aventis filed a summary judgment motion that cited *Escobar*, argued at length that Relator's FCA claim failed to satisfy *Escobar*'s materiality standard, and asked this Court to grant summary judgment against Relator for his failure to prove materiality. That, by definition, is a recognition that materiality "may be case-determinative and/or critical."[8] Finally, in the oral argument itself—where Aventis claims it first "became aware" that materiality could be a critical issue—Aventis's counsel, Mr. Scheff, cited specific pages from the *Escobar* opinion and quoted directly from the opinion's discussion of materiality. *See* Oral Arg. Tr. at 54:21-55:15 (ECF No. 361).[9]

---

[8] Aventis's summary judgment motion specifically argued that materiality was an "element[] essential to [Relator's] AKS and FCA claims," and argued that Relator's FCA claim failed to prove the element and thus should fail. *See* ECF No. 303, at 2 ("Even assuming Relator could somehow prove an AKS violation, he has not produced evidence establishing that [the PACT program's services] were material to the government's reimbursement decisions as required by [*Escobar*]. . . . This deficiency of evidence dooms Relator's Motion and necessitates granting summary judgment in Defendants' favor."); *see also id.* at 16-17 (arguing that Relator cannot establish materiality, which is an "independent element[] essential to a FCA claim"); *id.* at 28 ("Because Relator has produced no evidence establishing that the assistance provided by the PACT Program was material to the government's payment decisions, his summary judgment motion should be denied and Aventis's cross-motion should be granted.").

[9] At oral argument, Mr. Scheff clearly demonstrated a prior familiarity with *Escobar*'s materiality standard:

> Mr. Scheff: No, it's actually – it's a heightened standard for materiality. What [*Escobar*] says is that [the materiality standard] is demanding and rigorous in order to prevent the False Claims Act

On March 3, 2020, this Court issued an Order denying Aventis's motion to compel. ECF No. 372. The Order stated that an explanation would follow. *Id.* On March 17, 2020, before the Court issued its explanation, Aventis filed a motion for reconsideration. ECF No. 379. That motion is currently before the Court.[10]

## II. Discussion

### A. The Court's Original Reason For Denying The Motion To Compel

The Court denied Aventis's motion to compel because it was facially unreasonable. Aventis waited until the day before discovery closed to serve its motion. It had ample time to seek earlier discovery. It gave no reason for its delay, other than a misrepresentation that it did not know that materiality was important until the January 22, 2020 oral argument. Accordingly, the Court exercised its discretion to deny Aventis's motion.

District courts have broad discretion in overseeing discovery. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. . . . [W]e will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." (citations and internal quotation marks omitted)).

---

from being misused as an all-purpose anti-fraud statute. That's <u>Escobar</u> at page 1996. And then specifically with respect to issues of non-compliance with government regulations and whether or not that's material, what <u>Escobar</u> says, "If the government required contractors to aver their compliance with the entire U.S. Code and Code of Federal Regulations, then failing to mention non-compliance with any requirement would always be material. The False Claims Act does not adopt such an extraordinarily expansive view of liability." That's <u>Escobar</u> at 2004.

Oral Arg. Tr. at 55:1-55:15 (ECF No. 361). Mr. Scheff authored Aventis's discovery letters to the government.

[10] Soon after the March 3, 2020 Order, the disruption caused by the COVID-19 outbreak delayed the Court's explanation. Because Aventis filed its motion for reconsideration without the benefit of this Court's explanation, the Court will deny the motion without prejudice to Aventis's ability to file a renewed version, as explained below.

A district court is well within its discretion when it denies untimely discovery requests that could have been made at an earlier date. Federal Rule of Civil Procedure 26(b)(2)(C)(ii) makes this principle clear, instructing that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . ." Fed. R. Civ. P. 26(b)(2)(C)(ii); *see also* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

District courts have repeatedly recognized that "[m]otions to compel filed within days of the close of discovery are untimely." *Cont'l Cas. Co. v. Tyson Foods, Inc.*, No. 15-cv-20, 2017 WL 11180629, at *2 (E.D. Tenn. June 15, 2017) (collecting cases); *Hyland v. Homeservices of America, Inc.*, No. 05-cv-612, 2012 WL 1680109, at *4-*6 (W. D. Ky. May 14, 2012) (concluding that motion to compel filed ten days prior to close of discovery was untimely); *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *5-*6 (N.D. Ill. Aug. 11, 2006) (same with motion filed eleven days before close of discovery); *Ridge Chrysler Jeep L.L.C. v,. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 WL 3021842 at *4 (N.D. Ill. Dec. 30, 2004) (same with motion to compel filed four days before close of discovery).[11]

---

[11] *See also Toone v. Federal Express Corp.*, 1997 WL 446257, at *8 (D.D.C. July 30, 1997) (same for motion to compel filed on last day of discovery); *Summy-Long v. Pennsylvania State University*, 2015 WL 5924505, at *5 (M.D. Pa. Oct. 9, 2015) (denying motion to compel where "Plaintiff waited until the very last [day] of the discovery period" to file the motion); *Colon v. City of New York*, No. 12-cv-9205, 2014 WL 4100607, at *2 (S.D.N.Y. Aug. 20, 2014) (denying motion to compel filed day before discovery was set to close, noting that plaintiff was on notice about the issue for at least a month prior and should have raised the issue "before the proverbial eleventh hour"); *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 516 (D. Conn. 2002) (denying motion to compel discovery served one day before fact discovery deadline, after seven months of discovery and three deadline extensions); *Babcock v. CAE-Link Corp.*, 878 F. Supp. 377, 387 (N.D.N.Y. 1995) (denying motion to compel served on last day of discovery where discovery deadline had been extended four times); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (denying motion to compel brought on last day of discovery period).

Aventis's motion to compel, filed one day before discovery closed, was clearly untimely. Aside from an obvious misrepresentation—that it did not know materiality was important until the January 22, 2020 oral argument—Aventis gave no explanation for its failure to make an earlier request. It certainly had the time to do so. *Cf.* ECF No. 261, at 2 (Aventis stating, in September 2018, that the parties have had "ample time to conduct discovery."). Aventis had "ample opportunity to obtain . . . discovery," Fed. R. Civ. P. 26(b)(2)(C)(ii), and its failure to take more timely action stemmed solely from its own lack of diligence. Thus, the Court exercised its discretion to deny the motion to compel.[12]

### B. Aventis's Motion For Reconsideration

The Court will also deny Aventis's motion for reconsideration (ECF No. 379). The Court's denial of Aventis's motion to compel was an interlocutory order. District courts "possess[] inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). In general, there are three grounds for granting a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered the order in question; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." (citation omitted)). Aventis points to no change in the controlling law, nor does it cite any new evidence. Rather, it argues that the Court

---

[12] The Court did not (and does not) reach the arguments in the parties' briefs over the government's status as a non-party or the application of any *Touhy* regulations. Likewise, the Court did not base its denial on the notion that the government can never be compelled to produce materiality-related information.

committed a "clear error of law."

This argument fails because Aventis fails to identify any clear error of law. Aventis's only argument that the Court committed legal error boils down to the simple assertion that "materiality is important." *See* ECF No. 379-1 at 3 ("By denying Aventis's MTC, the Court here committed clear legal error because the discovery that Aventis sought is crucial to its ability to defend against Relator's allegations."); *see generally id.* at 4-7 (repeating the claim that evidence related to materiality is important and making no other argument as to legal error). This argument, of course, is beside the point. The Court did not deny Aventis's motion to compel because it deemed materiality unimportant. It denied the motion because Aventis waited to file it until the second-to-last day of discovery, failed to explain its delay, and misrepresented that it did not know materiality was important until January 22, 2020. If the discovery Aventis sought was crucial, it should have acted with diligence to obtain it. It did not do so, and that is nobody's fault but Aventis's. Accordingly, Aventis's motion for reconsideration fails.

## III.    Conclusion

The Court denied Aventis's original motion to compel for the reasons set forth in Section II.A of this memorandum. It also now denies Aventis's motion for reconsideration without prejudice. This denial is without prejudice because Aventis was not aware of the Court's reasoning when it first filed its motion for reconsideration. If Aventis chooses to do so, it may file a renewed motion for reconsideration **on or before April 23, 2020, no later than noon EST.** *But see* ECF No. 357 at 3-4 ("[I]t is clearly established that litigants cannot use motions for reconsideration to 'raise new arguments that could have been made in support of the original motion.'" (citations omitted)). A separate order will follow.

                         <u> s/ ANITA B. BRODY, J.  </u>
                         ANITA B. BRODY, J.

Copies **VIA ECF**  04/16/2020